IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY RICHARDS,<br><br>    Plaintiff,<br><br>  v.<br><br>HOUSING AUTHORITY OF THE CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | No. C 05-00136 CRB<br><br>**ORDER** |

     The Court dismissed plaintiff's claims with prejudice and entered judgment in favor of defendant on July 6, 2005. On July 28, 2005, the Court granted plaintiff's first motion for an extension of time to file a notice of appeal until September 5, 2005, which, because September 5 was a national holiday, moved to September 6, 2005. On September 7, 2005, plaintiff filed a second motion for an extension of time to file a notice of appeal. After carefully considering the parties' arguments, the Court hereby declares plaintiff's motion to be the functional equivalent of a notice of appeal.

     A motion for extension of time to file a notice of appeal may be deemed the functional equivalent of a notice of appeal if it satisfies the three requirements of Rule 3(c)(1) of the Federal Rules of Appellate Procedure. See <u>Andrade v. Lockyer</u>, 270 F.3d 743, 752 (9th Cir. 2001), *rev'd on other grounds*, <u>Lockyer v. Andrade</u>, 538 U.S. 63 (2003) (holding that "respectfully request[ing]" additional time to file a notice of appeal satisfies the requisite

notice of intent).  Rule 3 requires a notice of appeal to: "(A) specify the party or parties making the appeal by naming each one in the caption or body of the notice...; (B) designate the judgment, order, or part thereof being appealed; and (C) name the court to which the appeal is taken." Fed. R. App. P. 3(c)(1).  Furthermore, "courts will liberally construe the requirements of Rule 3."  Smith v. Barry, 502 U.S. 244, 248 (1992) (noting that "the notice afforded by a document, not the litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal").

In applying the proper liberal construction of Rule 3 to this matter, the Court concludes that plaintiff's two motions for extensions of time have satisfied the requirements of a notice of appeal under Rule 3.  He has clearly specified the parties in both motions; he designated the judgment of July 6, 2005 in his first motion; he has consistently acted with the intention of filing an appeal; and defendant has received ample notice of this intention.  As a result, the Court is satisfied that plaintiff has fulfilled his obligation to file a notice of appeal, and his motion for an extension of time is now moot. The Court recognizes, however, that plaintiff filed his second motion one day late.  But because the Court treats that motion as a notice of appeal, it is now the responsibility of the Court of Appeals to determine if it properly has jurisdiction to hear the appeal.

**IT IS SO ORDERED.**

Dated: September 14, 2005

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE